# Howells v. Charles Schutte Body Corporation.

■

*Paul A. Mueller, John A. Coyle* and *Zimmerman, Myers & Kready,* for receiver.

ATLEE, J., September 26, 1931.—On August 7, 1926, the plaintiff filed a bill in equity, alleging that he was a creditor of the defendant corporation, which, it was alleged, was insolvent. The bill gave various other reasons why a receiver should be appointed by the court to take care of the property of the defendant, which is a Delaware corporation.

On September 18, 1926, after a hearing had in open court, the court appointed the Peoples Trust Company of Lancaster, Pennsylvania, permanent receiver of the assets of the defendant corporation. The receiver gave a bond and entered upon the performance of its duties. Subsequently, the Farmers' Trust Company of Lancaster, Pennsylvania, became the successor to the People's Trust Company of Lancaster, Pennsylvania, by merger with the last-named company.

On March 3, 1931, the Farmers' Trust Company, successor as aforesaid, filed its first and final account, showing that it had on hand a balance of $137.62 in the real estate account, and a balance of $862.43 in the personal property account.

On July 11, 1931, the account came up for audit, at which time the following additional credits were allowed:

Lancaster Law Review, for advertising this hearing, $12.00; Intelligencer-Journal-New Era News, for advertising this hearing, $25.52; John A. Coyle, Esq., for professional services, $100.00. Total, $137. 52.

There were also presented, against the balances shown above, the claim of the United States Government for income tax for the year 1925, amounting to $167.27, and the claim of the Commonwealth of Pennsylvania, for tax on scrip, etc., and bonus on capital, etc., amounting to $897.99. Both of these tax claims are entitled to priority, but as both cannot be paid in full, the question now confronting the court is, which, if either, shall be paid first, or shall both be prorated?

The Act of April 12, 1923, P. L. 63, section 1, provides that all state taxes and unpaid bonus, interest, penalties, etc., settled against any corporation shall be a first lien upon the franchise and property, both real and personal, of such corporation, from the date when they are settled by the Auditor General and approved by the State Treasurer, and that, upon any judicial sale of the property of such corporation, these items, given priority, shall first be allowed and paid out of the proceeds of such sale before any other claim or lien against such corporation is paid.

The dates of the settlement by the Commonwealth of Pennsylvania of the several items of the Commonwealth's claim were as follows:

September 2, 1926: Tax on scrip, etc., for year 1925, $87.52; September 2, 1926: Bonus on capital for year 1925, $720.90; September 24, 1926: Tax on

110

scrip, etc., for 8 3/5 months, ending September 18, 1926, $89.58. Total, $897.99.

The claim of the United States for $167.27, for income tax for the year 1925, shows that the defendant corporation owes the United States, for income tax for said year, a balance of $167.27.

If the settlement of the estate was in the United States courts, under the Bankruptcy Act, taxes legally due and owing by the bankrupt to the United States, state, county, district or municipality, would be entitled to priority.

The Bankruptcy Act does not say which entity is entitled to priority over the other and leaves us uncertain as to whether a tax claim due to the United States is to have priority over a tax claim due to the State of Pennsylvania.

Under the circumstances, therefore, feeling that neither the United States nor the State of Pennsylvania is entitled to priority over the other, the court decides to distribute the balance of the fund between the two tax claimants by dividing the same between them according to the amounts of their respective claims.

From George Ross Eshleman, Lancaster, Pa.